UNITED STATES DISTRICT COURT FOR THE
THE SOUTHERN DISTRICT OF FLORIDA

ANGELA DANGERFIELD,

        Plaintiff,

Case No.: 20CV14387

v.

HOBE SOUND OPCO, LLC d/b/a
THE TERRACE AT HOBE SOUND,

        Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant, HOBE SOUND OPCO, LLC d/b/a THE TERRACE AT HOBE SOUND, by and through its undersigned counsel, and hereby Answers Plaintiff's Complaint and states Affirmative Defenses as follows:

### PARTIES

1. Without knowledge, therefore denied.

2. Admitted.

### JURISDICTION AND VENUE

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

5. Admitted for jurisdictional purposes only.

6. Admitted for jurisdictional purposes only.

7. Without knowledge, therefore denied.

### GENERAL ALLEGATIONS

8. Denied.

9. Admitted.

10. Paragraph #10 is not an allegation against this Defendant; therefore Defendant need not respond. To the extent a response is necessary, denied and Defendant demands strict proof thereof.

11. Paragraph #11 is not an allegation against this Defendant; therefore Defendant need not respond. To the extent a response is necessary, denied and Defendant demands strict proof thereof.

12. Paragraph #12 is not an allegation against this Defendant; therefore Defendant need not respond. To the extent a response is necessary, denied and Defendant demands strict proof thereof.

13. Paragraph #13 is not an allegation against this Defendant; therefore Defendant need not respond. To the extent a response is necessary, denied and Defendant demands strict proof thereof.

14. Paragraph #14 is not an allegation against this Defendant; therefore Defendant need not respond. To the extent a response is necessary, denied and Defendant demands strict proof thereof.

15. Paragraph #15 is not an allegation against this Defendant; therefore Defendant need not respond. To the extent a response is necessary, denied and Defendant demands strict proof thereof.

16. Without knowledge as to the date; admitted Ms. Dangerfield tested positive for COVID-19.

17. Denied as phrased.

18. Denied.

19. Denied as phrased.

20. Without knowledge as to the dates involved. It is admitted Defendant was informed that Ms. Dangerfield's husband had died.

21. Admitted.

22. Denied.

23. Without knowledge, therefore denied.

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

### COUNT I:
### VIOLATION OF THE
### EMERGENCY FAMILY MEDICAL LEAVE EXPANSION ACT

28. As to Paragraph #28, Defendant realleges and readopts the responses of Paragraphs #1 through #27 of this Answer, as if fully set forth herein.

29. Denied.

30. Admitted

31. Denied, including subparts a-b.

32. Denied, including subparts 1-b.

33. Denied.

To the extent the WHEREFORE clause requires a response, denied.

### COUNT II:
### VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT

34. As to Paragraph #34, Defendant realleges and readopts the responses of Paragraphs #1 through #27 of this Answer, as if fully set forth herein.

35. Denied as phrased.

36. Denied.

37. Denied.

38. Denied, including subparts a-c.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

To the extent the WHEREFORE clause requires a response, denied.

## DEMAND FOR TRIAL BY JURY

43. Defendant, HOBE SOUND OPCO, LLC d/b/a THE TERRACE AT HOBE SOUND, herein requests a trial by jury of all issues so triable by jury.

WHEREFORE, Defendant, HOBE SOUND OPCO, LLC d/b/a THE TERRACE AT HOBE SOUND, requests entry of judgment in its favor, and against Plaintiff, ANGELA DANGERFIELD, that Defendant be awarded attorney fees and costs incurred in defending this action, and for further relief as the Court deems just and proper.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendant HOBE SOUND OPCO, LLC d/b/a THE TERRACE AT HOBE SOUND, denies the allegations set forth in the Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, Defendant, HOBE SOUND OPCO, LLC d/b/a THE TERRACE AT HOBE SOUND, alleges the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action under FFCRA, FLSA, or EFMLA as the Plaintiff refused to return to work and was never terminated by the Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint failed to establish her entitlement to EFMLA benefits based on the allegations in her Complaint. EFMLA is available when an employee is unable to work or telework because the employee must care for a child whose school or place of care is closed or unavailable because of the COVID-19 pandemic.

### THIRD AFFIRMATVE DEFENSE

Plaintiff has been paid for all hours worked in compliance with FLSA and has received all compensation that was due.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is not liable to the Plaintiff because Plaintiff has not been damaged as a result of the alleged conduct in Plaintiff's Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable because the Plaintiff proximately caused her own injuries or loss in this claim.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has reasonable grounds to believe that Plaintiff failed to return to work. Therefore, any acts or omissions were not in violation of FMLA, FFCRA, FLSA, EFMLA, or EPSLA.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff failed to satisfy her obligations pursuant to FFCRA, FLSA, EFMLEA, or EPSLA.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against the Defendant under the EPSLA, as the Defendant is a "health care provider" and therefore entitled to its protections at all dates material to Plaintiff's employment.  29 U.S.C. §2611(6); 29 C.F.R. 826.30 (April, 2020).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail to: Brian L. Lerner, Esq., Primary: blerner@kvllaw.com, on this 24th day of November, 2020.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
Attorney(s) for Defendant
1475 Centrepark Blvd., Suite 130
West Palm Beach, FL 33401
Telephone: 561-686-1880
Facsimile: 561-686-1886
Primary Email service: jmorrison.pleadings@qpwblaw.com
Secondary Email service: rebecca.kimball@qpwblaw.com

BY: /s/ James B. Morrison
JAMES B. MORRISON, ESQ.
Florida Bar No.: 313210
NICOLE M. BARNA, ESQ.
Florida Bar No.: 52606
JESSICA S. GLEIBERMAN, ESQ.
Florida Bar No.: 116403